IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMIYA K. MANDAL,

    Petitioner,

v.    Civil Action No. 5:13CV87
(Criminal Action No. 5:09CR39)
UNITED STATES OF AMERICA,    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION THAT PETITIONER'S
28 U.S.C. § 2255 PETITION BE DENIED**

I. Background

On June 11, 2012, the petitioner, Amiya K. Mandal, filed a motion to vacate, set aside, or correct his sentence. On July 8, 2010, the petitioner was convicted of interstate travel to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). The petitioner was sentenced to 37 months imprisonment and lifetime supervised release upon. The petitioner's final judgment order was filed on July 22, 2010. The petitioner did not file a direct appeal.

Almost four years later, the petitioner filed this federal habeas motion pursuant to 28 U.S.C. § 2255, contending the legality of his life term of supervised release because he received ineffective assistance of counsel during the plea negotiation stage. The petitioner contends that he entered the plea agreement believing that he would be deported and the life term of

supervision would not matter after he pleaded guilty.  This belief, the petitioner asserts, was based on the advice given to him by counsel.  However, the petitioner's deportation proceedings were terminated in 2012 and the petitioner asserts that the termination of those proceedings provided new evidence pursuant to 28 U.S.C. § 2255(f)(4).  Thus, the petitioner argues that he is entitled to a reduction, modification, or complete vacation of his lifetime term of supervised release.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation.  The magistrate judge then directed the government to respond.

In response, the government contends that the petition is untimely as it was not filed by July 22, 2011.  Further, even if the termination of deportation proceedings is considered, the government argues that the issuance of a legal decision is not a "fact" that can be used pursuant to § 2255(f)(4).  Additionally, although the government argues he did not assert it, the government contends that equitable tolling is not applicable as the petitioner has made no claim that there was an impediment to his filing of the § 2255 petition.  As to the ineffective assistance claim, the government contends that the petitioner could have been facing a mandatory minimum ten year sentence based on the enticement charge in the indictment and up to a 30 year sentence for the travel

charge. Thus, the government contends that it gave up those opportunities in exchange for the lifetime supervised release provision. Further, the government argues that this does not fall under Padilla v. Kentucky, 559 U.S. 356 (2010), because defense counsel correctly informed the petitioner of the chance of deportation.

The petitioner replied that he is entitled to tolling of the one year bar as the termination of deportation proceedings provides a new "fact" which triggers § 2255(f)(4). Further, the petitioner argues that equitable tolling is applicable as the lifetime term of supervised release is a gross injustice. Additionally, the petitioner asserts that Padilla is applicable as the petitioner was misled into believing that there was a low likelihood he would receive a lifetime term of supervised release because he would be deported. Thus, the petitioner contends he did not receive the benefit of the bargain under the plea agreement.

In his report and recommendation, the magistrate judge recommended that this Court grant the government's motion to dismiss and dismiss the petition. The magistrate judge found that the petition was untimely because the issuance of a legal decision is not a "fact" pursuant to § 2255(f)(4). Further, the magistrate judge found that the petitioner's ineffective assistance claim has no merit. The magistrate judge opined that because of the answers given by the petitioner during his plea hearing and a letter that

3

was sent to him by defense counsel after his favorable deportation termination, the petitioner received the benefit of the bargain when he entered the plea agreement. Thus, the magistrate judge recommended that this action be dismissed. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

II. Discussion

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

A. Timeliness

In its response to the underlying petition, the government argues that the petitioner failed to file within the limitations period afforded by § 2255. The limitation period for a § 2255 petition can begin to run from the last of several occurrences. 28 U.S.C. § 2255. Of note in this case is that the limitation period "shall run from . . . [t]he date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The

4

AEDPA provides four options from which the limitation period shall run, depending on which event occurs last:

> 1. The date on which the judgment of conviction becomes final;
> 2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under the first event, if there is no direct appeal, a conviction is final 14 days after the judgment and commitment order is entered. See Fed. R. App. P. 4(b)(1)(A)(I) and 4(b)(6). In this case, the petitioner did not file a direct appeal, thus, his conviction became final on July 22, 2010 and he was required to file a petition by July 22, 2011, unless one of the other elements applies.

Under the second event, equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2002) (citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004)). Thus, the petitioner must show that three elements were present to

5

allow equitable tolling: (1) extraordinary circumstances, (2) beyond the petitioner's control or external to his own conduct, (3) that prevented him from filing in a timely manner. Id.  The petitioner has failed to show any of the three elements that must be present.  The petitioner has merely stated that it would be a gross injustice for this Court to allow the petitioner to have a lifetime term of supervised release.  This is not enough, however, and this Court finds that the magistrate judge's finding that the petitioner has not shown that equitable tolling applies was not clearly erroneous or contrary to law.

The third element is not at issue in this case.  However, under the fourth element, a "fact" does not encompass the issuance of a legal decision which does not change any part of the petitioner's own criminal history, such as the termination of a deportation proceeding.  See Lo v. Endicott, 506 F.36 572, 575-76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097-98 (8th Cir. 2006); Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005).  Thus, the fourth element is also inapplicable to the petitioner and the magistrate judge's finding that his petition is untimely was not clearly erroneous or contrary to law.

B.  Ineffective Assistance of Counsel

Further, even if the petitioner was not untimely, this Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984),

to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel.  Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance).  The petitioner was asked at his plea hearing whether he felt counsel's performance was effective, the petitioner answered in the affirmative.  Further, as the magistrate judge noted, the petitioner received a letter from defense counsel which spelled out the favorable plea agreement that the petitioner received in exchange for the lifetime term of supervised release.  Accordingly, the magistrate judge's finding that the petitioner failed to show that the Strickland standard had been met was not in clear error.

### III.  Conclusion

Accordingly, after a review for clear error, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.  The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to

object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 30, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE